UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

                                                                                                                                23 Cr. 91 (PKC)

                                                                                                                               <u>PROTECTIVE ORDER</u>

        -against-

TREVOR THOMAS BICKFORD,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASTEL, U.S.D.J.

        The Court has considered the written submissions of the parties. (ECF 10, 14, 15 & 16.) Based upon the sworn complaint of January 10, 2023, the grand jury's indictment and the representations of the government, this Court provisionally finds good cause to enter this Order, and, accordingly, Orders as follows:

        1.    <u>Disclosure Material</u>. The government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. "Disclosure Material" is defined as documents, objects and information, including electronically stored information ("ESI"), that the government will make to the defendant pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the government's general obligation to produce exculpatory and impeachment material in criminal cases.

        2.    <u>Sealed Material</u>. Certain of the government's Disclosure Material, referred to herein as "Sealed Material," contains information that affects the confidentiality of ongoing

investigations, relates to sensitive state and federal law enforcement public safety and counterterrorism plans and operations, or identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. Attorney's Possession Only ("APO") Material. Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, the confidentiality of ongoing investigations, or sensitive state and federal law enforcement public safety and counterterrorism plans and operations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending the above-captioned federal criminal prosecution, United States v. Bickford, 23 Cr. 91 (PKC) (S.D.N.Y.) (this "Action"). The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

5. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the government or Order of the Court, and may be disclosed by defense counsel to:

      a.      The defendant;

      b.      Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this Action; and

      c.      Prospective witnesses for purposes of defending this Action.

      6.      APO Material received by defense counsel shall be maintained in a safe and secure manner by and in the sole possession of defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; shall not be copied or otherwise recorded by the defendant; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

      7.      This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this Action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

      8.      Exempt from the disclosure restrictions of this Order are any materials in the possession of defense counsel or in the future come into counsel's possession that were obtained independently from the government's production of Disclosure Material.

      9.      The government shall produce the following without any confidentiality restriction (a) defendant's prior record, i.e. criminal history; (b) his oral and written statements with any redactions that the government in good faith believes implicate national security, an ongoing investigation or a particular risk of affecting the privacy or safety of victims or witnesses.

      10.      The defendant, after conferring with the government, may seek from this Court a modification of this Order or a change in the designation of Discovery Material pursuant to this Order. The government may authorize, in writing, disclosure of Disclosure Material

beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this Action, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in this action; the period of direct appeal from any order dismissing any of the charges in this action; and the granting of any motion made on behalf of the Government dismissing any charges in this action, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on the defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

14. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the action.

SO ORDERED.

New York, New York
March 17, 2023

_____
P. Kevin Castel
United States District Judge