UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v.—

Trevor Bickford,

Defendant.

No. 23 Cr. 91 (PKC)

# TREVOR BICKFORD'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE DEFENSE'S MOTION TO DISMISS MULTIPLICITOUS COUNTS

David E. Patton, Esq.
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York, 10007
Tel.: (212) 417-8700

*Counsel for Trevor Bickford*

**Jennifer L. Brown**
**Marisa K. Cabrera**
*Of counsel*

## Table of Contents

TABLE OF AUTHORITIES ............................................................................................. 2

REPLY ARGUMENT ....................................................................................................... 1

      I.      Contrary to the Government's Claims, Count One is Not a Distinctly Charged Crime from Counts Two Through Four, Mandating Dismissal of the Multiplicitous Count (replying to government's Point I). ................................................................................................... 3

      II.     Given the Inherent Prejudice in Pleading Guilty to Multiplicitous Counts, The Motion is Timely (replying to government's Point II) ................................................................................................................. 6

CONCLUSION .................................................................................................................. 7

## **Table of Authorities**

*Cases*

*Ball v. United States*, 470 U.S. 856 (1985) ................................................................. 5

*United States v. Bin Laden*, 91 F. Supp. 2d 600 (S.D.N.Y. 2000) ............................ 3-4

*United States v. Ladner*, 358 U.S. 169 (1958) ........................................................... 4-5

*United States v. Melzer*, 20 Cr. 314 (GHW) ............................................................... 6

*United States v. McVeigh*, 940 F. Supp. 1571 (D. Colo. 1996) ................................. 3

*Statutes*

18 U.S.C. § 930(c) ........................................................................................................ 4

18 U.S.C. § 1114 .......................................................................................................... 4

Fed. R. of Evid. 401 ..................................................................................................... 7

Fed. R. of Evid. 403 ..................................................................................................... 7

Trevor Bickford respectfully submits this memorandum of law in reply to the Government's opposition ("Gov't Opp.") to the defense's original motion ("Def. Mot.") requesting dismissal of the Indictment, in part, on the grounds of multiplicity. For the reasons set forth below, the Government's arguments fail as Count One of the Indictment is multiplicitous as to Counts Two Through Four, mandating that the government elect on which non-duplicative counts it will proceed at trial and to dismiss the remaining counts.

## REPLY ARGUMENT

I.   Contrary to the Government's Claims, Count One is Not a Distinctly Charged Crime from Counts Two Through Four, Mandating Dismissal of the Multiplicitous Counts (replying to government's Point I).

In arguing that Count One is not multiplicitous to Counts Two through Four, the government relies heavily upon *United States v. McVeigh*, 940 F. Supp. 1571 (D. Colo. 1996), and *United States v. Bin Laden*, 91 F. Supp. 2d 600 (S.D.N.Y. 2000). Specifically, the government argues that these cases support that the federal unit of prosecution should be "each victim," rather than each act of attempted murder. Govt' Opp. at 26. Both *McVeigh* and *Bin Laden*, however, are not relevant to the analysis in this case. Unlike Mr. Bickford's case, *McVeigh* involved the completed murder of different persons, rather than, like here, an alleged attempt to murder. This is significant as the *McVeigh* court in its analysis made clear that the fact that the crime involved a completed murder, and not an attempt, was critical to the court's decision of the appropriate unit of prosecution in a *completed* murder: "the crime of murder

3

is *not complete without the death* of the victim of the criminal conduct. *Each death is, therefore, a separate crime.*" 91 F. Supp. 2d at 1584 (emphasis added).

Similarly unhelpful is the government's reliance on *Bin Laden*, 91 F. Supp. 2d 600 (S.D.N.Y. 2000), which also involved completed, rather than attempted, murders. Moreover, the charging statute in *Bin Laden* is different than the statute prosecuted in this case. *Compare* 18 U.S.C. § 930(c) (prohibiting the killing or attempted killing of persons during an attack on a federal facility while using a firearm or other dangerous weapon) *with* 18 U.S.C. § 1114. This difference is significant as Section 930(c) makes clear that the legislature was concerned with the individual killings of each person completed in a specific way, namely through an attack at a federal facility. As such, the *Bin Laden* court determined that, for the purposes of those completed murders, the relevant statute (18 U.S.C. § 930(c)) was unambiguous in these completed murders as the "focus is on a killing" during an attack on a federal building.

Here, however, Mr. Bickford is not charged with a completed murder, but an attempt. This difference in completed versus inchoate crimes is analytically significant when determining the appropriate "unit of prosecution" as the jury will have to consider a wide range of evidence to determine whether an attempt was ever even made – a question that is wholly irrelevant in a completed murder case.

As such, in cases involving attempts, *United States v. Ladner*, 358 U.S. 169 (1958), is the appropriate lens to determine the appropriate "unit of prosecution." This is especially true here as the *Ladner* court warned of the same risks that are

4

present in attempt cases, like the present one: the unjustly large number of alleged victims – all of whom, except three, were not even present at the time of this incident – that could then be tied to a limited and discrete act. *See Ladner*, 358 U.S. at 176; Def. Mot. at 8-9.

Buried in a footnote, the government fails to meaningfully address the consequences that would arise from its position. Gov't Opp. at 28-29 n. 9. Specifically, the government's reading of the statute would give them unfettered power to charge Mr. Bickford – and those like him – for a wide range of alleged "victims" with little basis other than post hoc generalized statements of wanting to target all military-aged men made while in the throes of a psychotic episode. While the defense agrees with the prosecution that it has "broad discretion to conduct criminal prosecutions," that discretion is not limitless. *Ball v. United States*, 470 U.S. 856, 859 (1985); Gov't Opp. at 28-29 n. 9. Indeed, it makes it all the more important to ensure that those discretionary powers to prosecute are operating in a fair and just manner and consistent with legislative intent.

However, even if this Court were to decide that the appropriate unit of prosecution is each victim, Count One is still multiplicitous to Counts Two through Four. Although the government asserts "Count One in this case is simply not based on the defendant's physical attack of the three NYPD officers," the plain text of the indictment demonstrates otherwise. Gov't Opp. at 31. Indeed, the language in Count One incorporates the specific December 31, 2022 attacks to the three officers that are charged in Counts Two through Four and includes them as victims. In light of the

clear language in the Indictment that incorporates the three officer victims referenced in Counts Two through Four into the Count One charge, the counts are multiplicitious, mandating dismissal.

> II. Given the Inherent Prejudice in Pleading Guilty to Multiplicitous Counts, The Motion is Timely (replying to government's Point II).

The government's primary contention in arguing that the instant motion is premature is that a ruling on multiplicity "should wait after trial" as "additional time would ensure that the full factual record is developed before the Court conducts the multiplicity analysis." Gov't Opp. at 33. The problem with this rationale, however, is that it wholly fails to account for circumstances where defendants intend to plead guilty. Indeed, were a defendant to plead guilty, there would be no further development of the factual record nor could a jury verdict render the motion moot. Instead, a pleading defendant would suffer the prejudice of entering a guilty plea without knowing the eventual outcome of his pending motion while facing an unconstitutionally harsher sentencing exposure.

In any event, unlike the cases the government cites in its opposition, the presentation of evidence as to Count One would prejudice Mr. Bickford at trial. Given the time frame referenced in Count One, the evidence introduced at trial would be broader as compared to Counts Two through Four. *Compare with United States v. Melzer*, 20 Cr. 314 (GHW), Dkt. 79 at 32-35 (denying the defense's multiplicity motion where the defense sought to dismiss a count that took place during the *same* relevant time frame as the remaining counts it argued was multiplicitous). Moreover, the

allegations in Count One – that Mr. Bickford sought to kill all military-aged men – would be an allegation that Mr. Bickford would certainly seek to preclude a jury from hearing were the trial limited to the remaining counts in the Indictment as inflammatory and irrelevant.  *See* Fed. R. of Evid. 401, 403.

There can be no doubt that Mr. Bickford would be prejudiced from any evidence that his alleged target were *all* military aged men versus the three officers that evening.  As such, Mr. Bickford's motion to dismiss on the grounds of multiplicity is timely and not premature.

## CONCLUSION

As such, for the reasons state above as well as in the original motion, the defense respectfully requests that the Court conclude that the Indictment is multiplicitous, in part, and order the government to elect whether it will proceed on Count One or Counts Two through Four.

Dated:     New York, New York
           September 1, 2023

                                         Respectfully submitted,
                                         Federal Defenders of New York, Inc.

By: _____

Jennifer L. Brown
Marisa K. Cabrera
Federal Defenders of New York, Inc.
Attorneys for Trevor Bickford
52 Duane Street, 10th Floor
New York NY 10007
Tel.: (212) 417-8700

7